# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| RONALD D. HAY,<br><br>    Petitioner,<br><br>vs.<br><br>MAPPS,<br><br>    Respondent. | No. C14-2076-LRR<br><br>ORDER |

This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on November 14, 2014. The clerk's office filed the petitioner's habeas corpus action in this district on the same date. Prior to the case being transferred or on August 20, 2014, the petitioner submitted an application for a writ of habeas corpus (docket no. 1) and an application for appointment of counsel/application to proceed in forma pauperis (docket no. 2 & 3). The petitioner did not pay the required filing fee. *See* 28 U.S.C. § 1914.

With respect to the application to proceed in forma pauperis, the petitioner has more than sufficient funds to pay the $5.00 filing fee. Accordingly, the petitioner's application to proceed in forma pauperis is denied. The petitioner is directed to submit the $5.00 filing fee by no later than January 9, 2015. If the petitioner does not submit such fee by January 9, 2015, the clerk's office is directed to dismiss the petitioner's action.

Currently confined at the Newton Correctional Facility in Newton, Iowa, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his confinement. The clerk's office is directed to send a copy of the application for a writ of habeas corpus by certified mail to the respondent and the Iowa Attorney General in accordance with Rule 4, Rules Governing Section 2254 Cases. The respondent is directed

to file an answer or dispositive motion to the application for a writ of habeas corpus in accordance with Rule 5, Rules Governing Section 2254 Cases, by no later than January 9, 2015.

Lastly, the court concludes that the assistance of counsel is not warranted because the petitioner's claims are not overly complex. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Accordingly, the petitioner's application for appointment of counsel is denied at this time.

**IT IS SO ORDERED.**

**DATED** this 3rd day of December, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA